## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

WILLIAM NEALY,

                              Plaintiff,        **DECISION AND ORDER**

                                                        **12-CV-6201-CJS**

           -vs-

CORRECTIONS OFFICER KAMAS, *et al.*,

                              Defendants.

### APPEARANCES

| | |
|---|---|
| For Plaintiff: | William Nealy 03A0772<br>Elmira Correctional Facility<br>1879 Davis St.<br>P.O. Box 500<br>Elmira, NY 14902-0500 |
| For Defendants: | Hillel David Deutsch, A.A.G.<br>New York State Attorney General's Office<br>144 Exchange Blvd., Suite 200<br>Rochester, NY 14614 |

### INTRODUCTION

    **Siragusa, J.** Defendants filed a Notice of Motion, Memorandum of Law, and Declaration on August 9, 2012, seeking an Order to revoke Plaintiff's *in forma pauperis* ("IFP") status, pursuant to 28 U.S.C. § 1915(g) and 28 U.S.C. § 1915(e)(2), alleging that Plaintiff is in violation of the "three strikes" provision of the Prisoner Litigation Reform Act of 1995, PL 104–34, 110 Stat 1321 ("PLRA"). For the reasons stated below, Defendants' Motion is granted.

## BACKGROUND

On October 17, 2007, William Nealy ("Plaintiff"), an inmate at Elmira Correctional Facility, filed in the Souther District of New York, the first action that qualifies as a "strike" under § 1915(g). This action was against Jeffrey Groder and Devane & Groder Firm ("Partnership") for allegedly violating Plaintiff's constitutional rights under 42 U.S.C. § 1983. Deutsch Decl. ¶ 6, ECF. No. 7-2 (*Nealy v. Groder*, No. 08-CV-2071 (S.D.N.Y. 2008)). The district court dismissed the complaint *sua sponte* for failure to state a claim upon which relief may be granted. *Id.*

After that case was dismissed, Plaintiff, on March 28, 2008, filed the second action that counts as a "strike" under 1915(g) in the Eastern District of New York. This action was against Michael Berger and Jeffrey Groder for allegedly violating Plaintiff's constitutional rights under 42 U.S.C. §§ 1983 and 1985 and committing legal malpractice under New York State Law. Deutsch Decl., ¶ 5, ECF No. 7-2 (*Nealy v. Groder*, No. 08-CV-1322, (E.D.N.Y. 2009)). The 1983 and 1985 claims were dismissed for failure to state a claim upon which relief may be granted, and the malpractice claims were not addressed because the district court declined to exercise supplemental jurisdiction. *Id.*

Plaintiff filed the third action that counts as a "strike" under 1915(g) on March 11, 2008, in the Southern District of New York. This action was against the New York State

Department of Correctional Services for allegedly violating Plaintiff's Eighth Amendment right against cruel and unusual punishment. This action was dismissed because the statute of limitations had expired.

Plaintiff filed the subject lawsuit on April 18, 2012, against James Escfro, P. Kamas, and P. Mastrantonio ("Defendants"). Compl., ECF No. 1. The Honorable Richard J. Arcara granted IFP status to Plaintiff on June 18, 2012.

## ANALYSIS

### *"Three Strikes"*

On April 26, 1996, Congress passed a law entitled the Prison Litigation Reform Act ("PLRA"), which, among other things, amended the provisions of the United States Code that relate to the filing of civil actions or appeals *in forma pauperis*. 28 U.S.C. § 1915. The PLRA amended § 1915 in part to require a court to dismiss a case under 28 U.S.C. § 1915(e)(2):

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>    (A) the allegation of poverty is untrue; or
>    (B) the action or appeal—
>       (i) is frivolous or malicious;
>       (ii) fails to state a claim on which relief may be granted; or
>       (iii) seeks monetary relief against a defendant who is immune from such relief. . . .

Additionally, Congress added a new section to the statute: subdivision (g). This subdivision is referred to as the "three strikes" rule. The Second Circuit has held that, when an inmate accumulates three "strikes," § 1915(g) requires a court to deny IFP unless the

plaintiff asserts a claim that indicates that he or she is in imminent danger of serious physical injury. *Polanco v. Hopkins*, 510 F.3d 152, 153 (2d Cir. 2007). Even if a court already granted IFP status to a plaintiff, if it later becomes aware of a basis for denying that status pursuant to § 1915(g), it may apply the statute and revoke IFP status. *See McFadden v. Parpan*, 16 F. Supp. 2d 246, 247 (E.D.N.Y. 1998).

A motion made under PLRA does not require supporting affidavits, and the issue of whether a prior dismissed lawsuit is a "strike" for PLRA purposes is a question of law for the Court. *See Tafari v. Hues,* 473 F.3d 440 (2d Cir. 2007). Here, Plaintiff has at least three "strikes" pursuant to 28 U.S.C. § 1915(g). The first two actions clearly qualify as "strikes" under § 1915(g) because they were dismissed for failure to state a claim upon which relief may be granted. The third action was dismissed since the statute of limitations expired. When a case is dismissed for this reason, for § 1915(g) purposes, it is considered to be dismissed for failure to state a claim for which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

As a result of his three "strikes," Plaintiff's complaint is barred by § 1915(g) unless its allegations bring it within the terms of the statute's "imminent danger" exception. The exception does not apply on the facts of this case. Plaintiff's complaint does not allege that he is in imminent danger of serious physical injury, nor could he make such an allegation on the facts asserted in his complaint. Therefore, Plaintiff's IFP status should be revoked.

## CONCLUSION

Plaintiff has had three actions dismissed for purposes of 28 U.S.C. § 1915(g). As a result, Defendants' motion to revoke Plaintiff's *in forma pauperis* status is granted

pursuant to 28 U.S.C. § 1915(g). Further, Plaintiff's complaint is conditionally dismissed without prejudice unless Plaintiff pays the entire $350 filing fee within thirty days of this Order. If Plaintiff fails to timely pay the filing fee, the action shall be dismissed without further order of the Court.

SO ORDERED.

Dated: November 14, 2012
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge