UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WILLIAM NEALY,

                          Plaintiff,

-vs-

CORRECTIONS OFFICER KAMAS, *et al.*,

                          Defendants.

**CORRECTED DECISION AND ORDER**

**12-CV-6201-CJS**

**APPEARANCES**

For Plaintiff:            William Nealy 03A0772
                          Elmira Correctional Facility
                          1879 Davis St.
                          P.O. Box 500
                          Elmira, NY 14902-0500

For Defendants:        Hillel David Deutsch, A.A.G.
                          New York State Attorney General's Office
                          144 Exchange Blvd., Suite 200
                          Rochester, NY 14614

**INTRODUCTION**

**Siragusa, J.** Defendants filed a Notice of Motion, Memorandum of Law, and Declaration on August 9, 2012, seeking an Order to revoke Plaintiff's *in forma pauperis* ("IFP") status, pursuant to 28 U.S.C. § 1915(g) and 28 U.S.C. § 1915(e)(2), alleging that Plaintiff is in violation of the "three strikes" provision of the Prisoner Litigation Reform Act of 1995, PL 104–34, 110 Stat 1321 ("PLRA"). For the reasons stated below, Defendants'

Motion is granted. This corrected Decision and Order is filed to correct citation to a case in the analysis portion of the decision.

## BACKGROUND

On October 17, 2007, William Nealy ("Plaintiff"), an inmate at Elmira Correctional Facility, filed in the Souther District of New York, the first action that qualifies as a "strike" under § 1915(g). This action was against Jeffrey Groder and Devane & Groder Firm ("Partnership") for allegedly violating Plaintiff's constitutional rights under 42 U.S.C. § 1983. Deutsch Decl. ¶ 6, ECF. No. 7-2 (*Nealy v. Groder*, No. 08-CV-2071 (S.D.N.Y. 2008)). The district court dismissed the complaint *sua sponte* for failure to state a claim upon which relief may be granted. *Id.*

After that case was dismissed, Plaintiff, on March 28, 2008, filed the second action that counts as a "strike" under 1915(g) in the Eastern District of New York. This action was against Michael Berger and Jeffrey Groder for allegedly violating Plaintiff's constitutional rights under 42 U.S.C. §§ 1983 and 1985 and committing legal malpractice under New York State Law. Deutsch Decl., ¶ 5, ECF No. 7-2 (*Nealy v. Groder*, No. 08-CV-1322, (E.D.N.Y. 2009)). The 1983 and 1985 claims were dismissed for failure to state a claim

upon which relief may be granted, and the malpractice claims were not addressed because the district court declined to exercise supplemental jurisdiction. *Id.*

Plaintiff filed the third action that counts as a "strike" under 1915(g) on March 11, 2008, in the Southern District of New York. This action was against the New York State Department of Correctional Services for allegedly violating Plaintiff's Eighth Amendment right against cruel and unusual punishment. This action was dismissed because the statute of limitations had expired.

Plaintiff filed the subject lawsuit on April 18, 2012, against James Escfro, P. Kamas, and P. Mastrantonio ("Defendants"). Compl., ECF No. 1. The Honorable Richard J. Arcara granted IFP status to Plaintiff on June 18, 2012.

## ANALYSIS

### *"Three Strikes"*

On April 26, 1996, Congress passed a law entitled the Prison Litigation Reform Act ("PLRA"), which, among other things, amended the provisions of the United States Code that relate to the filing of civil actions or appeals *in forma pauperis*. 28 U.S.C. § 1915. The PLRA amended § 1915 in part to require a court to dismiss a case under 28 U.S.C. § 1915(e)(2):

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines

> that—
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal—
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune
>     from such relief. . . .

Additionally, Congress added a new section to the statute: subdivision (g). This subdivision is referred to as the "three strikes" rule. The Second Circuit has held that, when an inmate accumulates three "strikes," § 1915(g) requires a court to deny IFP unless the plaintiff asserts a claim that indicates that he or she is in imminent danger of serious physical injury. *Polanco v. Hopkins*, 510 F.3d 152, 153 (2d Cir. 2007). Even if a court already granted IFP status to a plaintiff, if it later becomes aware of a basis for denying that status pursuant to § 1915(g), it may apply the statute and revoke IFP status. *See McFadden v. Parpan*, 16 F. Supp. 2d 246, 247 (E.D.N.Y. 1998).

A motion made under PLRA does not require supporting affidavits, and the issue of whether a prior dismissed lawsuit is a "strike" for PLRA purposes is a question of law for the Court. *See Tafari v. Hues,* 473 F.3d 440 (2d Cir. 2007). Here, Plaintiff has at least three "strikes" pursuant to 28 U.S.C. § 1915(g). The first two actions clearly qualify as "strikes" under § 1915(g) because they were dismissed for failure to state a claim upon which relief may be granted. The third action was dismissed since the statute of limitations expired. When a case is dismissed for this reason, for § 1915(g) purposes, it is considered to be dismissed for failure to state a claim for which relief may be granted. *See Palmer v. N.Y.S. Dept. of Correction Greenhaven*, No. 06 Civ. 2873(PAC)(KNF), 2007 WL 4258230, *6

(S.D.N.Y. Dec. 4, 2007) ("inasmuch as *Palmer v. Stewart* was dismissed based on the expiration of the applicable statute of limitations, that dismissal counts as a strike, for the purpose of Section 1915(g)."); *see also Snider v. Melindez*, 199 F.3d 108, 111 (2d Cir. 1999) ("the apparent purposes of Section 1997e(c)(2) and of the three strikes provision of Section 1915(g) strongly imply that the dismissal contemplated in these provisions is one that finally terminates the action because of a determination that it ultimately cannot succeed.").

As a result of his three "strikes," Plaintiff's complaint is barred by § 1915(g) unless its allegations bring it within the terms of the statute's "imminent danger" exception. The exception does not apply on the facts of this case. Plaintiff's complaint does not allege that he is in imminent danger of serious physical injury, nor could he make such an allegation on the facts asserted in his complaint. Therefore, Plaintiff's IFP status should be revoked.

## CONCLUSION

Plaintiff has had three actions dismissed for purposes of 28 U.S.C. § 1915(g). As a result, Defendants' motion to revoke Plaintiff's *in forma pauperis* status is granted pursuant to 28 U.S.C. § 1915(g). Plaintiff was given thirty days from the filing of the Court's original Decision and Order, docketed on November 16, 2012, ECF No. 9, to pay the full filing fee. He failed to do so, and on January 4, 2013, the Court entered a Decision and Order, ECF No. 9, directing the Clerk to enter judgment for Defendants, which the Clerk did on January 7, 2013, ECF No. 11. This Decision and Order, entered pursuant to Federal Rule of Civil Procedure 60(a), corrects a mistake arising from oversight or omission, and

does not confer an additional opportunity to pay the filing fee. The Judgement entered on January 7, 2013, remains and the time for filing an appeal is not hereby extended. *See Dudley ex rel. Estate of Patton v. Penn-America Ins. Co.*, 313 F.3d 662, 667 (2d Cir. 2002) ("The general proposition that subsequent judgments do not start anew the time for filing a notice of appeal does not override the specific language of Fed. R.App. P. 4(a)(4)(A)(vi), which only concerns Rule 60 motions filed within 10 days of an original judgment.").

SO ORDERED.

Dated: January 9, 2013
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge